IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, <br><br> Plaintiffs, <br><br> v. <br><br> COLOUR REVUE PAINTING & SANDBLASTING, INC., CR2 PAINTING, LTD., <br><br> Defendant. | No. 14 C 03316 <br><br> Judge Sara L. Ellis |

## PLAINTIFFS' MOTION FOR PROVE-UP OF DAMAGES

Plaintiffs, the Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen, Administrator of the Funds (the "Funds"), by their attorneys, hereby move for judgment of damages in sum certain against Defendant, Colour Revue Painting & Sandblasting, Inc., CR2 Painting, LTD (the "Company"), pursuant to Rule 55 of the Federal Rules of Civil Procedure. In support of this Motion, the Plaintiffs state the following:

1. On May 7, 2014, Plaintiffs filed a complaint under Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C.

1

§1331, and 28 U.S.C. §1367, alleging that at all material times the Company has an obligation, arising from a collective bargaining agreement (the "Agreement") to make contributions to Plaintiffs' Funds, to submit to an audit upon demand and to obtain and maintain a surety bond. (See Dk. No. 1, Complaint Exhibit A, Collective Bargaining Agreement). In the Complaint, Plaintiffs specifically alleged that the Company failed to comply with the Funds' selected auditors by producing books and records for an audit covering the period from October 4, 2012 to the present; and failed to procure, carry and maintain a surety bond as required by the Agreement. Plaintiffs requested relief including requiring the Company to submit to the audit and thereafter to hold the Company liable for any amounts owed, including interest and liquidated damages on any unpaid contributions, and reasonable attorneys' fees and costs.

2. On May 23, 2014, the Company was served by special process server, Philip M. Ducar, who personally handed the summons and complaint to John S. Burke, the Company's Registered Agent at 2560 Foxfield Rd., St. Charles, Illinois (See Dk. Nos. 8 and 9).

3. On July 17, 2014, the Court granted Plaintiffs' motion for default. The Court's Order defaulting the Company and compelling its books and records for an audit of the period from October 4, 2012 through the present was entered on July 21, 2014, and was served on Company President, Charles Williams on July 27, 2014 (See Dk. Nos.12, 13 and 18).

4. On September 30, 2014, Plaintiffs' motion for rule to show cause was granted, and the Company's President Charles Williams was Ordered to Appear before the Court on October 30, 2014 to show cause why he should not be held in contempt for failing to produce the Company's books and records to the Funds' counsel for an audit or otherwise contacting counsel. Mr. Williams failed to appear, and the Court entered an Order for the Body Attachment as to Mr. Williams on

November 7, 2014.

5. On December 30, 2014, Mr. Williams was arrested by the U.S. Marshal and appeared before the Honorable John J. Tharp, Jr. for an emergency hearing. Mr. Williams was directed by the Court to produce his corporate/business books and records within his, or his Company's possession, custody, or control– for an audit to be completed by January 16, 2015.

6. Mr. Williams complied with the Court's Order and the audit was completed by the selected firm of Bansley and Kiener, LLP, covering the period of October 4, 2012 through December 31, 2014. (See attached Exhibit A, the Audit Report).

7. As established by the Funds' Field Department Representative, Joseph Gilleran, the auditor's report reflects principal contributions owed to the Welfare, Pension, Training, CAICA, LECET, LMCC and for Union dues in the total amount of $1,139.83 (See attached Exhibit A, Audit; and Exhibit B, Affidavit of Joseph Gilleran at ¶2 ).

8. According to the Collective Bargaining Agreement and the respective Trust Agreements to which the Defendant is bound, payment is also owed for liquidated damages in the amount of 20% (twenty percent) for unpaid or late contributions to the Welfare, Pension, and Training funds, and 10% (ten percent) of the principal amount of delinquent contributions to the LMCC, CCA and LECET funds, and for Union dues. Additionally, interest is calculated at twelve percent and is owed for all delinquencies. As established by the affidavit of Mr. Gilleran the liquidated damages owed to the Welfare, Pension and Training funds amount to $214.08 and the liquidated damages to the LMCC, CCA and LECET funds, and for Union dues in the amount of $6.9561 (Exh. B, Gilleran Affidavit at ¶3). Interest is due in the amount of $311.13 (Exh. B, Gilleran Affidavit at ¶4). These amounts are further detailed in the summary report prepared by Mr.

Gilleran that are attached hereto as Exhibit C.

9. The cost of the compliance audit billed to the Funds was $1,350.97, which the Company is also obligated to pay, based on the respective Trust Agreements to which it is bound (See Exh. A, Audit; Exh. B, Gilleran Affidavit at ¶6; Exh. C, Summary Report).

10. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees incurred in this matter are $5,690.00 and $1,120.40 in costs, consisting of service of process, the U.S. Marshal service, and filing fees (Sara Stewart Schumann Affidavit, Exhibit D; Fee Report, Exhibit D-1).

**WHEREFORE,** Plaintiffs request entry of judgment against the Defendant, CR2 Painting Ltd., previously known as Colour Revue Painting & Sandblasting, Inc., requesting that the Court order judgment in the total amount of $9,833.36 to be entered. Further, Plaintiffs request the Court's order specify that, should Defendant resume operations, the Company must report hours of covered employees on a monthly basis and pay current contributions as they become due as required under the collective bargaining agreement, and the Company must provide written proof that it has obtained a surety bond to plaintiffs' counsel, Sara S. Schumann, Esq., Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606.

          Respectfully submitted,

          /s/ Sara S. Schumann
          *One of Plaintiffs' attorneys*

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

February 23, 2015